*(Rev. 5/29/07)*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CHUBB SEGUROS MEXICO S.A. Plaintiff | Civil No.   5:22-cv-01734 |
| VS. TERRAL RIVERSERVICE, INC., et al. Defendant | Judge   Hicks Magistrate Judge   Hornsby |

**RULE 26(f) CASE MANAGEMENT REPORT**

A meeting of counsel (and any unrepresented parties) was held on <u>July 15, 2022</u>  ☒ by telephone or ☐ in person.  The following persons participated: [List all parties and their counsel, if any.]

Chubb Seguros Mexico S.A. - Kipp C. Leland, Maloof & Browne LLC
Terral Riverservice, Inc. - Frank S. Thackston Jr., Lake Tindall LLP
Robert B. Miller & Associates, Inc. - Anthony J. Staines, Staines, Eppling & Kenney, LLC
Caddo-Bossier Parishes Port Commission - Christopher E. Carey, Pugh Accardo
Coastal Cargo Company, L.L.C - Peter B. Sloss, Murphy, Rogers, Sloss, Gambel & Tompkins

1. **Nature of Plaintiff's Claim:** *(Identify the basic nature of Plaintiff's primary claim.  For example, "employment discrimination (sex)," "personal injury (slip and fall)," "civil rights (excessive force)," "copyright infringement (software)" or "breach of contract (oil and gas)."  Do <u>not</u> summarize or restate the allegations of the complaint.)*

    **Inland marine cargo claim (river barge carriage).  Barge sank on river during discharge and steel coils sustained damage.**

2. **Bench or Jury Trial:** *(Has any party demanded a trial by jury?  If so, identify the pleading containing the jury demand.)*

    **Bench Trial**

3. **Initial Disclosures:** *(Have the parties exchanged initial disclosures?  If not, explain.)*

    **Plaintiff:  Plaintiff has served initial disclosures and a document production.**

    **Defendants:  Will be served on August 1, 2022, the date answers are due.**

    **Defendant Caddo-Bossier Parishes Port Commission has served initial disclosures and documents.**

4.  **Jurisdiction:** *(Does any party challenge the court's subject matter jurisdiction over this case? If so, briefly explain the basis for the challenge.)*

    **All parties agree this Court has maritime jurisdiction.**

5.  **Joinder of Parties and Amendment of Pleadings:**

    A.  *Does any party anticipate seeking leave to amend a pleading or add a party?*

    Plaintiff:  No amendments or additional parties are anticipated.

    Defendant Terral Riverservice, Inc.:  Terral Riverservice, Inc. does not presently anticipate adding any other new parties but reserves theright to do so based on information revealed in discovery.

    Robert B. Miller & Associates, Inc.:  Robert B. Miller & Associates, Inc. does not anticipate the filing of amended pleadings or third-party demands but reserves the right to do so depending on information yet to be revealed in discovery.

    Caddo-Bossier Parishes Port Commission:  Caddo-Bossier Parishes Port Commission does not currently anticipate seeking leave to amend any pleading or adding a party; but reserves the right to do so within the deadlines provided by the Court's Scheduling Order.

    Coastal Cargo Company, L.L.C.:  Coastal Cargo does not presently anticipate adding any other new parties but reserves the right to do so based on information revealed in discovery.

    B.  *If so, describe briefly the anticipated amendments and identify any potential new parties and the nature of the claim against them.*

    N/A

    C.  *State a proposed deadline for all amendments. If any party requests a deadline that is more than 30 days after the date of the scheduling conference, provide a detailed explanation.*

    Defendants: The parties have agreed to a deadline of August 1, 2022 for the filing of responsive pleadings. Defendants suggest a deadline of 15 days after the deadline for the filing of responsive pleadings on behalf of the Defendants within which to file cross-claims or third-party demands.

6.  **Discovery Issues:** *(Absent stipulation or leave of court, the court will enforce the limitations on discovery in the F.R.C.P., including no more than 10 depositions per side [Rule 30(a)(2)]; each deposition is limited to one day of seven hours [Rule 30(d)(2)]; and no more than 25 interrogatories per party [Rule 33(a)]. With those rules, and the issues identified in F.R.C.P. 26(f)(1)-(4), in mind:)*

A. *Each party shall briefly describe (i) any discovery disputes the party anticipates may arise and (ii) any relief the party requests from the court in connection with the discovery issues.*

The parties presently anticipate no discovery disputes. The parties agree that production of documents will be produced in PDF format; electronically stored information will be produced by printout or scan to PDF format subject to later objection. The parties agree to accept service of all documents including discovery demands and responses and document productions via email, and the parties agree to exchange privilege logs at a future date to be agreed upon by the parties.

B. *State a proposed deadline for completion of all discovery. If any party requests a deadline that is more than 5 months after the date of the scheduling conference, provide a detailed explanation.*

Plaintiff: Plaintiff proposes that all discovery be completed by January 30, 2023. This is beyond five months because the parties are having a mediation on September 13, 2022 and want to defer depositions until after the mediation. Plaintiff does not agree at this time to depositions in excess of the 10 deposition limit in Rule 30(a)(2) because Plaintiff does not consider this to be a complicated case and Plaintiff considers that additional depositions beyond the limit is out of proportion to the needs of this case, which is only for $400,000 to $500,000. Preparation and attendance of five separate law firms at in excess of ten depositions plus expert depositions could eat up most of the value of the case just with lawyers' fees.

Defendants: The Defendants propose that the following discovery schedule be imposed in this case:

February 28, 2023 – Deadline for completion of fact discovery.
March 30, 2023 – Deadline for exchange of Plaintiff's expert witness reports.
April 30, 2023 – Deadline for exchange of Defendants' expert witness reports.
June 15, 2023 – Deadline for completion of expert discovery.

Defendants: The Defendants may request leave of court to conduct more than ten depositions as addressed in Rule 30(a)(2). The number of Defendants and the number of witnesses stated by the Plaintiff and the Caddo-Bossier Parishes Port Commission in their Initial Disclosures lead the Defendants to anticipate the necessity for collectively conducting more than ten depositions during the course of this litigation if this matter cannot be resolved amicably at an early date.

7. **Motion Practice:**

A. *Identify all pending motions.*

There are currently no pending motions.

B. *Does either party anticipate filing a case dispositive motion? If so, (i) identify the proposed motion and (ii) state a proposed deadline for dispositive motions.*

   Plaintiff: No case dispositive motions are anticipated.

   Defendants: Defendants reserve their right as discovery proceeds to determine if a dispositive motion will be filed.

8. **Alternative Dispute Resolution:** *(In accordance with Local Rule 16.3.1 and 28 U.S.C. ' 652, the parties must consider the use of alternative dispute resolution (ADR). State the position of the parties on whether this case is amenable to ADR and, if so, what form of ADR is considered most appropriate.*

   **Private mediation has been agreed to by the parties, and is scheduled to go forward on September 13, 2022.**

9. **Related Cases:** *(Is this case related to another case pending in the Western District of Louisiana? If yes, give the name, docket number and a brief description of the other case.*

   **No related cases are known to exist.**

10. **Trial by Magistrate Judge:** *(Do all parties consent to trial before the assigned magistrate judge?)*

    **The parties do not consent to trial before the assigned magistrate judge.**

Dated: July 26, 2022

MALOOF & BROWNE LLC

By:\_\_/s/ Kipp C. Leland_____
   David T. Maloof, Esq., *pro hac vice*
   Kipp C. Leland, Esq., *pro hac vice*
411 Theodore Fremd Avenue - Suite 190
Rye, New York 10580
Tel: (914) 921-1200
Fax: (914) 921-1023
E-mails: dmaloof@maloofandbrowne.com
         kleland@maloofandbrowne.com

*Attorneys for Plaintiff*

-and-

BROOKS GELPI HAASÉ, L.L.C.

By: /s/ Philip S. Brooks, Jr.
    Philip S. Brooks, Jr. (#21501)
    Ronald J. Kitto (#28638)
909 Poydras Street, Suite 2325
New Orleans, LA 70112
Tel: (504) 300-8295
Fax: (504) 534-3170
Email: pbrooks@brooksgelpi.com
       rkitto@brooksgelphi.com

*Attorneys for Plaintiff*

LAKE TINDALL LLP

By: /s/ Frank Thackston
    Frank Thackston, Esq.
127 South Poplar Street
Greenville, MS 38701
Tel: (662) 378-2121
Fax: (662) 378-2183
E-mails: fthackston@tindall.com

*Attorneys for Defendant*
*Terral Riverservice, Inc.*

STAINES, EPPLING & KENNEY, LLC

By: /s/ Anthony Staines
    Anthony Staines, Esq.
3500 North Causeway Blvd.
Suite 820
Metairie, LA 70002
Tel: (504) 838-0019
Fax: (504) 838-0043
E-mails: tony@seklaw.com

*Attorneys for Defendant*
*Robert B. Miller & Associates, Inc.*

PUGH ACCARDO

By: /s/ Christopher E. Carey
    Christopher E. Carey, Esq.
1100 Poydras Street, Suite 3200
New Orleans, LA 70163
Tel: (504) 799-4500
Fax: (504) 799-4520
E-mails: ccarey@pugh-law.com

*Attorneys for Defendant*
*Caddo-Bossier Parishes Port Commission*


MURPHY ROGERS SLOSS
GAMBEL & TOMPKINS PLC

By: /s/ Peter B. Sloss
    Peter B. Sloss, Esq.
701 Poydras St., Suite 400
New Orleans, LA 70139
Tel: (504) 523-0400
Fax: (504) 523-5574
E-mails: psloss@mrsnola.com

*Attorneys for Defendant*
*Coastal Cargo Company, L.L.C.*

F:\WP-DOCS\1306.17\Discovery\Rule 26f\072622 FINAL Rule 26f Report.docx