UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CHUBB SEGUROS MEXICO S.A. | CIVIL ACTION NO. 5:22-CV-01734 |
| VERSUS | CHIEF JUDGE S. MAURICE HICKS, JR. |
| TERRAL RIVERSERVICE, INC., ROBERT B. MILLER & ASSOCIATES, CADDO-BOSSIER PARISHES PORT COMMISSION, AND COASTAL CARGO COMPANY, L.L.C. | MAGISTRATE JUDGE MARK L. HORNSBY |

**CORRECTIVE DOCUMENT**
(BRIEF – OPPOSING MOTION TO DISMISS COUNTERCLAIM)

Terral RiverService, (Terral River), through Counsel, responds to/opposes The Motion to Dismiss Terral River's CounterClaim filed on behalf of Chubb Seguros Mexico S.A. (Chubb)

This brief states the basis for Terral River's opposition to that motion.

### **The Controlling Rule of Law**

In Chubb's 17-page brief, supporting its Motion to Dismiss, the Controlling Rule of Law Chubb cites in passing, which should (and hopefully will) control this Court's decision on this motion is as follows:

All factual allegations, set forth in Terral River's Counterclaim must be taken as true.

### **The Legal Status of Parties before this court – on this motion**

Chubb is a cargo insurance carrier.

Chubb, insured a cargo of steel coils, owned by Chubb's insured, Ternium.

Chubb paid Ternium for damages to Terniums coils of steel sustained as result of the "incident(s)" at issue in this Lawsuit and brings this lawsuit on a subrogation basis.

In bringing this Lawsuit to collect the sum it paid Ternium, as a matter of "black Letter Law" – Chubb is characterized as the "subrogee" and Ternium is the "subroger".

Terral River's counterclaim asserts:

1. Turnium – Chubb's assured – caused coils of steel it owned to be delivered by barge (GBW97) to the Port of Caddo – to be unloaded by Port of Caddo.

2. Ternium and Port of Caddo inspected Ternium's coils of steel, located in the cargo box of GBW97, after Terral River's delivered GBW97 to Port of Caddo but before Port of Caddo proceeded to unload Ternium's coils of steel from GBW97's cargo compartment.

3. Terninum's coils of steel were damaged after Terral River delivered this barge to Port of Caddo – after these coils of steel were inspected by Ternium and Port of Caddo - and during Port of Caddo's unloading of such coils of steel.

4. Port of Caddo and Ternium were guilty of negligence, which caused damage to these coils of steel.

The statements, listed in the previous 4 paragraphs – for purposes of this Court's decision on Chubb's Motion to Dismiss <u>must be taken as being true</u> as a matter of Law.

Specifically, Terral River's claim, asserted by way to counterclaim, that Ternium was negligent – which caused damage to Terniums coils - must be taken <u>as being true</u>.

Terral River's claim – asserted by way of its counterclaim, that Ternium was guilty of negligence – imputed, claimed negligence of Ternium to Chubb – as a matter of Law – which reduces the amount of damages Chubb can recover.

As the Court of Appeals, for this Circuit, in a marine subrogation case, put it.

> "Whether subrogation is equitable or conventional or both, the subrogee [Chubb] does not obtain redress in its own right but only as successor to the rights of the subrogor [Ternium]. Accordingly, a subrogee can obtain no greater rights than its subrogor had)." In Re Admiral Towing vs Seatrain, 767 F.2d 243 (5th Cir. 1985)

Chubb, in bringing this subrogation Lawsuit, as subrogee, acquired no right to recover judgement from any defendant sued "in its own right "

In bringing this subrogation action, Chubb as subrogee, acquires "no greater rights" than once/and are possessed by Ternium – as subroger – possessed.

Since Ternium's right to secure judgement from Terral River or others – for damages to its coils of steel – would be subject to reduction <u>for Terniums negligence</u> – Chubb's right to secure judgment against Terral River or others – would be subject to reduction <u>for Terniums negligence.</u>

Terral River seeks reduction of the amount of Chubb's subrogation claim, measured by the extent of negligence imposed upon - Ternium's negligence by way of compulsory counterclaim against Chubb.

Chubb's motion to dismiss must be denied for this reason.

### **Additionally, Chubb's factual arguments should be disregarded:**

After acknowledging that statements of fact set forth in Terral River's counterclaim must be taken as true, Chubb's proceeds to cite fact after fact – not admitted to be true by Terral River

(or any other party) – not established by the deposition testimony of any witness (for no depositions have been taken in this case) - not documented by any writing in this case (for no writings have been authenticated) that – according to Chubb - contradicts facts, asserted in Terral River's amended answer/counterclaim – which must be taken as true!.

For example, Chubb provides this Court with the benefit of its interpretations of a written contract, between Port of Caddo and Chubb's assured - Ternium – not mentioned in Terral River's Counterclaim – as if its construction of "Cherry Picked" provisions in that contract - must be relied upon by this Court in deciding this motion– even though Terral River has had no opportunity to interrogate any representation of any party to that contract about any provision in that contract, or to challenge the accuracy of Chubb's interpretations of that contract – even though Chubb's interpretations are contradicted by allegations set forth in Terral River's Counterclaim – which must be taken as true.

Chubb asks this Court to grant its Motion to Dismiss based on its interpretations of this contract – which are contradicted by Terral River's counterclaim - which, for purposes of Chubb's motion, must be taken as true.

Chubb asks this Court to Rule that statements in Terral River's Counterclaim, that contradict Chubb's interpretations of this contract, must <u>not be taken as true at all</u> – instead Chubb's interpretations must prevail/control.

Terral River asks this Court to reject Chubb's self-serving factual arguments - as set forth at length in Chubb's brief, as being irrelevant – in ruling on this motion.

## CONCLUSION

For the reasons just stated, Terral River asks, this Court to deny Chubb's Motion to Dismiss.

                Respectfully submitted,

                BY:  /s/ Frank S. Thackston, Jr.
                   Frank S. Thackston, Jr., MSB # 8058
                **Lake Tindall, LLP**
                Post Office Box 918
                127 South Poplar Street (38701)
                Greenville, Mississippi 38702-0918
                Telephone: (662) 378-2121
                Facsimile: (662) 378-2183
                Email: fthackston@ltindall.com
                Email: astokes@ltindall.com

                     and

                s/ David P. Doughty
                David P. Doughty, Bar No. 18871
                **Cotton, Bolton, Hoychick**
                **& Doughty, LLP**
                Post Office Box 857
                607 Madeline Street
                Rayville, Louisiana 71269
                Telephone: (318) 728-2051
                Facsimile: (318) 728-5293
                Email:  ddoughty@cottonbolton.com

                Attorneys for Terral RiverService, Inc.

## CERTIFICATE OF SERVICE

I, David P. Doughty, hereby certify that on the 17th day of October, 2022, a copy of the foregoing has this date been filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel of record by operation of the court's electronic filing system.

                s/ David P. Doughty
                David P. Doughty