UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHUBB SEGUROS MEXICO S.A., | * | CIVIL ACTION NO.: 5:22-CV-01734 |
| VERSUS | * | JUDGE S. MAURICE HICKS, JR. |
| TERRAL RIVERSERVICE, INC. ROBERT B. MILLER & ASSOCIATES, CADDO-BOSSIER PARISHES PORT COMMISSION, and COASTAL CARGO COMPANY, L.L.C. | * * * * * * | MAGISTRATE MARK L. HORNSBY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE AND FILE COMPLAINT OF INTERVENTION

**MAY IT PLEASE THE COURT:**

Endurance American Insurance Company ("**Endurance**") should be allowed to intervene in the instant matter under Rule 24 of the Federal Rules of Civil Procedure. Endurance has a claim that is related to the subject incident and is identical to a claim already asserted by Defendant, Robert B. Miller & Associates, Inc. ("**Miller**"). The intervention sought herein arises out of the same questions of fact and law described in the Plaintiff's, Chubb Seguros Mexico, S.A. ("**Plaintiff**"), *Complaint* (Rec. Doc. 1) and *Amended Complaint* (Rec. Doc. 10). Without allowing Endurance's intervention to proceed, Endurance will not be able to recover its damages, or alternatively, it would subject the parties to re-litigation of the same occurrence in order to resolve Endurance's separate damages claim. Therefore, this Court should grant Endurance's instant *Motion to Intervene* and allow the attached *Complaint of Intervention* to be filed into the record. (*Ex. 1*).

## I.     FACTUAL BACKGROUND

### a. *Endurance's Basis for the Intervention*

Endurance's claim arises out of the subject incident described in Plaintiff's *Complaint* (Rec. Doc. 1) and *Amended Complaint* (Rec. Doc. 10), which alleges that steel coils aboard the barge GBW-97 were allegedly damaged. The incident allegedly leading to damage to the referenced steel coils occurred on June 26, 2021. (Rec. Doc. 17, p. 10). Furthermore, as a result of this June 26, 2021 incident, the barge GBW-97 sustained damage after it sank with many of the steel coils still inside the barge.

Pursuant to a Management Agreement between Miller and the Trusts for operation and use of the GBW-97, Miller was obligated to ensure the barge GBW-97 was "repaired, cleaned and drydocked whenever necessary, in order that the Barge shall be maintained and preserved." (*See Management Agreement at p. 2, subparagraph e, attached hereto as Exhibit 4*). Furthermore, the Management Agreement provided Miller with the right to "take such action as Owner [the Trusts] directs regarding any casualties or other accidents involving the Barge or damage to the Barge." (*Ex. 4 at p. 3, subparagraph h*).

Miller, as the manager and/or owner pro hac vice of the barge GBW-97, incurred costs and expenses to salvage, transport, drydock, and survey the barge in order to maintain and restore the barge to its ordinary, working condition after the June 26, 2021 incident. (*Ex. 3*). This amount totaled $641,417.91. Miller asserted claims for damages to the barge GBW-97 against various defendants on August 1, 2022. (Rec. Doc. 17, p. 12) and on October 3, 2022 (Rec. Doc. 45). Pursuant to the terms and conditions of the Policy, which listed the barge GBW-97 in its Schedule of Vessels, Miller was reimbursed by its insurer, Endurance, for this full amount.

Endurance now seeks through its *Complaint of Intervention* to recover those expenses from the parties whose actions/inactions led to the damage sustained by the barge GBW-97. Under the "Subrogation Rights" clause in the Policy, Endurance is the appropriate party to recover for the costs and expenses originally incurred by Miller and then reimbursed by Endurance. (*Ex. 2 at p. 9*).

### b. *The Negligent Parties that Caused the Damages Sustained by the Barge GBW-97*

Before the June 26, 2021 incident, Defendant, Coastal Cargo Company, LLC, loaded the steel coils onto the barge GBW-97. However, the coils were loaded improperly as the method of stowage was improper and insufficient to prevent the coils from rolling inside the barge. Hence, Coastal Cargo Company, LLC's actions or inactions contributed to the damages sustained to the coils and barge.

When the barge arrived at its destination on June 26, 2021 with the steel coils inside, water was allegedly discovered inside the hopper by Defendant, Caddo-Bossier Parishes Port Commission. Miller maintains that the alleged presence of water in the hopper of the GBW-97 played no role in the damages alleged to the coils and the barge GBW-97. Rather, the damage to the coils and barge resulted either from the actions or inactions of Terral RiverService, Inc. while tending to the barge GBW-97 or the actions or inactions of Ternium USA, Inc. and Caddo-Bossier Parishes Port Commission regarding the improper unloading of the steel coils including the failure to properly secure the barge during the unloading operation and/or the failure to terminate the unloading process prior to the eventual roll of the barge to port.

During the unloading process, the barge GBW-97 listed suddenly to the port (dockside) due to the coils shifting inside the barge hopper and due to the manner in which the coils were stowed and due to a bump caused either by the Terral tug boat, the M/V EDNA T. GATTLE,

3

contacting the barge or the stern of the barge contacting the doc, which resulted from the Caddo-Bossier Parishes Port Commission's failure to specifically secure the barge at the stern and mid-ship. Either scenario was not caused or contributed to by Miller. Subsequently, the barge GBW-97 broke from its moorings and cast adrift while it was listing. The barge eventually sank with several of the coils still inside. It was the combined actions, inactions, decisions, and/or indecisions by Defendants, Caddo-Bossier Parishes Port Commission, Coastal Cargo Company, LLC, Terral RiverService, Inc., and/or Ternium USA, Inc. (collectively "**Defendants**")., that contributed to the barge GBW-97 being cast adrift and eventually sinking. (Rec. Doc. 17, p. 14, ¶¶ 11-12).

## II. <u>LAW AND ARGUMENT</u>

### a. LEGAL STANDARD FOR MOTIONS TO INTERVENE

"Federal Rule of Civil Procedure 24 allows persons not already parties to intervene in an existing case." *BellSouth Telecomm. LLC v. New Orleans Teleport Inc.*, No. 6:16-CV-001624, 2017 WL 4898833, at *1 (W.D. La. Oct. 30, 2017). Rule 24 is to be liberally construed. *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 2016 WL 4435631, at *1 (5th Cir. Aug. 22, 2016); *See also Entergy Gulf States La, L.L.C. v. U.S. E.P.A.*, 817 F.3d 198, 203 (5th Cir. 2016) ("The rule 'is to be liberally construed,' with 'doubts resolved in favor of the proposed intervenor.'").

Interventions may be either "of right" under Rule 24(a) or "permissive" under Rule 24(b). Rule 24(a) of the Federal Rules of Civil Procedure provides the following on an "intervention of right":

On timely motion, the court must permit anyone to intervene who:

(1) is given an unconditional right to intervene by a federal statute; or

>   (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

As to permissive intervention, Rule 24(b) provides in pertinent part:

>   On timely motion, the court may permit anyone to intervene who:
>
>   (A) is given a conditional right to intervene by a federal statute; or
>
>   (B) has a claim or defense that shares with the main action a common question of law or fact.

Based on the above, Endurance's *Motion* must be "timely" and must meet one of the requirements of a "permissive intervention" or "intervention of right." Here, Endurance's *Motion* is "timely" based on the Fifth Circuit's interpretation of that term in the context of Rule 24. Furthermore, Endurance's claims asserted in the attached *Complaint of Intervention* are directly related to the subject incident described in Plaintiff's, *Complaint* (Rec. Doc. 1) *Amended Complaint* (Rec. Doc. 10) and share common questions of both law and fact in common with Plaintiff and other claims asserted by Miller in this litigation. Likewise, failure to allow Endurance's intervention may impede its ability to assert its claim in the future. Therefore, this Court should grant Endurance's *Motion* and allow the *Complaint of Intervention* to be filed into the record.

    b.   Endurance's Motion to Intervene is Timely

Regardless of whether Endurance's intervention is "of right" or "permissive," the present *Motion* must also be "timely." "The timeliness of a motion to intervene is a matter committed to the sound discretion of the trial court." *Doucet v. R. & R. Boats, Inc.*, No. CV 17-421-BAJ-EWD, 2017 WL 4512581, at *2 (M.D. La. Oct. 10, 2017) (citing *McDonald v. E.J. Lavino*, 430 F.2d 1065, 1071 (5th Cir. 1970)). "Timeliness" is not a chronological consideration but rather is

"determined from all the circumstances." *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977). "[A]bsolute measures of timeliness should be ignored." *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994). "The requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner." *Id.* (citations omitted).

The Fifth Circuit has laid out the following four factors for courts to use in order to determine whether a motion to intervene is "timely" under Rule 24:

> (1) The length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it petitioned for leave to intervene;
>
> (2) The extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case;
>
> (3) The extent of the prejudice that the would-be intervenor may suffer if intervention is denied; and
>
> (4) The existence of unusual circumstances militating either for or against a determination that the application is timely

*Id.*

In the present case, the application of the four factors shows that Endurance's *Motion* is "timely" for purposes of Rule 24.

### i. *Length of Time During Which Intervenor Actually Knew or Reasonably Should Have Known of its Interest in the Case*

The first factor in the timeliness analysis is met here because Endurance promptly filed the instant *Motion* once its counsel became aware that it would be the proper party to assert the claims in the underlying *Complaint of Intervention*. To be clear, this factor does not require that the potential intervenor knew or reasonably should have known of the existence of *the case* in

which it seeks to intervene. *John Doe No. 1 v. Glickman*, 256 F.3d 371, 377 (5th Cir. 2001). Rather, it is simply when it knew or should have known of its stake in the lawsuit. *Id.*

Here, Endurance, through undersigned counsel, became aware that it has a claim after Butler Miller's deposition on March 28, 2023. Butler Miller is a Miller representative. Butler Miller testified that he has been reimbursed by his insurer, Endurance, for all payments expended, and shown in the attached invoices, to salvage the GBW-97 after the subject incident and that he was reimbursed for the net total loss of the barge. (*See Deposition Transcript of Butler Miller at p. 77:17-19, attached hereto as Exhibit 5; Ex. 3*). Undersigned counsel first learned that Miller had been reimbursed for its losses during Butler Miller's deposition. At that point in time, undersigned counsel informed Endurance that it has a subrogation claim to recover its payments paid to Miller for its insurance claim related to the subject incident. Thus, Endurance (through Miller's counsel) only became aware of the existence of its claim through Butler Miller's deposition testimony roughly three weeks ago.

Additionally, it is anticipated that opposing parties may object to the timeliness of the instant *Motion* because the deadline within which for joinder of parties and/or to amend pleadings was March 15, 2023, roughly one month ago. While this deadline has indeed passed, this does not affect the "timeliness" of the instant *Motion to Intervene* under Rule 24 of the Federal Rules of Civil Procedure. First and foremost, the deadline for joinder of parties or to amend pleadings is not dispositive as a deadline for interventions. *See BellSouth Telecomm. LLC v. New Orleans Teleport Inc.*, No. 6:16-CV-001624, 2017 WL 4898833, at *4 (W.D. La. Oct. 30, 2017) (Court found that intervention was timely and granted intervenors Motion to Intervene even though it was filed five months after the deadline for joinder of parties and to amend pleadings). Moreover, the instant *Motion* is not sought by an existing party to join a non-party or

7

to amend existing pleadings. Even if this deadline applied to interventions, it does not mean Endurance would be prohibited from intervening in the instant lawsuit. Rather, it would only mean that Endurance would not be able to do so as of right and would have to file for leave and establish "good cause." Regardless, the standard for whether an intervention should be permitted is governed by Rule 24 of the Federal Rules of Civil Procedure, and the Fifth Circuit has determined that the four factors espoused above and analyzed herein are the critical considerations for whether an intervention should be allowed.

Finally, it would have been impossible for Endurance to comply with the March 15, 2023 deadline even if it did apply to this *Motion*. As mentioned, Butler Miller's deposition testimony gave rise to undersigned counsel's knowledge that Endurance has a claim. This deposition took place on March 28, 2023 – thirteen (13) days after the deadline for joinder of parties and to amend pleadings. Therefore, this is not a case in which Endurance failed to comply with a deadline, but rather it is a case in which Endurance prepared the instant pleadings as soon as practically possible upon receiving notice of its legal right to claim damages. Therefore, Endurance's *Motion* is "timely" under Rule 24 and Fifth Circuit precedent on the issue.

> ii. *The Extent of the Prejudice that the Existing Parties to the Litigation May Suffer as a Result of Intervenor's Failure to Apply for Intervention as it Knew or Reasonably Should Have Known of its Interest in the Case*

"Prejudice" under this factor "must be measured by the delay in seeking intervention, not the inconvenience to the existing parties of allowing the intervenor to participate in the litigation." *Sierra Club*, *supra.*, at 1206. Here, the claim became apparent only upon Butler Miller's deposition testimony, which was elicited on March 28, 2023. Thus, given the date of the filing of this *Motion*, it has been less than three weeks since Endurance (through its counsel) knew or reasonably should have known of its interest in this case.

The Fifth Circuit found that filing a complaint of intervention roughly three weeks after the intervenor should have known of its interest in the case did not rise to the level of prejudice contemplated by this second factor. *Id.* In another circumstance, the Fifth Circuit held that filing a motion to intervene one month after the intervenor became aware of its stake in a lawsuit but before trial and any final judgment would not "prejudice" any of the other parties. *John Doe No. 1 v. Glickman*, 256 F.3d 371, 378 (5th Cir. 2001).

Not only is the timing of this filing non-prejudicial to existing parties under Fifth Circuit precedent, but the claims asserted by Endurance are identical to the claims for barge damage previously asserted by Miller. Miller first asserted a claim for barge damage and losses on August 1, 2022. (Rec. Doc. 17, p. 14 – "Miller has sustained damages…in attempting to salvage and repair its barge, the GBW-97, and remove the cargo it contained."). Thus, there is no surprise to any of the parties regarding the existence of these claims; rather, it is just a different party asserting them. Likewise, this case is still in the early stages of litigation. Though depositions have been taken, this was only the first round of depositions. The trial date in this matter is well over a year away, set for July 22, 2024. Therefore, Endurance's request to intervene at this stage of the litigation will not result in prejudice to any of the existing parties as they should be aware of the claims and will have ample time to prepare for trial with the addition of Endurance as a party to assert said claims.

### iii. The Extent of The Prejudice That the Would-Be Intervenor May Suffer If Intervention Is Denied

While the existing parties will not suffer any prejudice by Endurance's intervention, Endurance will be significantly prejudiced if intervention is denied because it will be unable to recover the amount it paid to salvage the barge GBW-97 after the subject incident. Endurance would be forced to institute a separate lawsuit hauling all the parties into said lawsuit to re-

9

litigate the subject incident for purposes of determining the amount of damages to which Endurance would be entitled to recover. Further, Endurance will be out-of-pocket the $377,917.91 paid on Miller's insurance claim and left with no legal recourse to recover the amount from Defendants if they are found negligent in causing damage to the GBW-97.

> iv. *The Existence of Unusual Circumstances Militating Either for or Against a Determination That the Application Is Timely*

Endurance is not aware of any circumstances that would qualify under this factor of the timeliness analysis for Rule 24. Based on the analysis of these factors, Endurance's *Motion* is timely.

> c. THE INTEREST ENDURANCE ASSERTS IS RELATED TO THE TRANSACTION THAT FORMS THE BASIS OF THE CONTROVERSY IN THE INSTANT LAWSUIT.

A potential intervenor satisfies this requirement "if the potential intervener has a 'direct, substantial, [and] legally protectable' interest in the property or transaction that forms the basis of the controversy in the case into which she seeks to intervene." *John Doe No. 1 v. Glickman*, 256 F.3d 371, 379 (5th Cir. 2001) (citing *Sierra Club*, *supra.*, at 1207). Here, Endurance has a legally protectable interest in the subject lawsuit. The basis of the controversy in the instant lawsuit is Endurance's claim for damages related to payments to salvage the GBW-97 after the subject incident described in Plaintiff's *Complaint* (Rec. Doc. 1) and *Amended Complaint* (Rec. Doc. 10). This claim is directly related to parties, facts, and evidence involved in the subject incident and is identical to the claim Miller previously asserted Plaintiff and several of the Defendants.

As the Fifth Circuit has stated, "the interest test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Sierra Club*, *supra.*, at 1207. Based on that reasoning, it is more efficient to

have Endurance's claim heard in the instant lawsuit so as to dispose of all related issues at one time rather than have the parties re-litigate the same occurrence made subject of the instant lawsuit simply for the purpose of determining Endurance's damages.

    d. THE DISPOSITION OF THE INSTANT LAWSUIT COULD PREVENT ENDURANCE'S ABILITY TO RECOVER THE MONEY IT PAID TO SALVAGE THE GBW-97

As required under Rule 24(a), "the potential intervener must be situated so that the disposition of the case into which she seeks to intervene may impair or impede her ability to protect her interest." *Glickman*, *supra.*, at 380 (citing *Ford v. City of Huntsville*, 242 F.3d 235, 240 (5th Cir.2001) and *Sierra Club*, *supra.*, at 1207). Here, Endurance would be prevented from recovering the $377,917.91 and $263,500.00 amounts paid on Miller's insurance claim if its *Motion* is denied. Moreover, a ruling in this case against Endurance could mean that Endurance is not entitled to re-litigate the issue of damages to the barge GBW-97 since a claim would have already been raised by Miller. Thus, the disposition of this case has the potential to prevent Endurance from legal recourse for damages to the GBW-97 without ever being allowed to assert its claims.

    e. MILLER DOES NOT ADEQUATELY REPRESENT ENDURANCE'S INTEREST.

"The potential intervener has the burden of proving that the existing parties do not adequately represent her interest." *Glickman*, *supra.*, at 380 (citing *Sierra Club*, *supra.*, at 1207 and *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10 (1972)). This burden is "minimal," and the potential intervenor need only show that the representation "***may be*** inadequate." *Id.* (emphasis supplied).

While Miller has asserted the same claim that Endurance seeks to assert, it was only recently realized by Miller and Endurance (through its counsel) that Endurance is the proper party to assert the claim for damage to the GBW-97 since it is subrogated to Miller's claims and

11

has indeed reimbursed Miller for its losses. Furthermore, Miller is currently seeking to amend its claim for barge damage against Defendants and withdraw its counterclaim against Plaintiff. Therefore, if Miller is not the proper party to assert this claim and it seeks to withdraw and/or amend its counterclaim and crossclaims, then Endurance's interests would not be adequately represented. Endurance's only path to recovery is by asserting its claim in this lawsuit. Since the recent deposition testimony of Butler Miller establishes this point, it is necessary for Endurance to assert the claim for barge damage and not Miller.

### III.  CONCLUSION

Based on the foregoing, Endurance's Motion is "timely" and proper under Rule 24(a) or (b). The delay in seeking to intervene has been roughly three weeks. The claim is one that is familiar to all the parties, but Endurance is needed to ensure proper recovery for barge damages. It would be more prejudicial if Endurance was not allowed to intervene herein. Therefore, this Court should grant the *Motion to Intervene* and allow the attached *Complaint of Intervention* to be filed into the record of this matter.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by the service method indicated below:

[  ] U.S. Mail
[  ] Hand Delivery
[  ] Facsimile
[ x ] Electronic Filing

This 18th day of April, 2023.

___/s/ Michael W. Maldonado_____

Respectfully submitted,

**STAINES, EPPLING & KENNEY**

____/s/ Michael W. Maldonado_____
**ANTHONY J. STAINES** (#12388)
**MICHAEL W. MALDONADO** (#39266)
3500 North Causeway Blvd., Suite 820
Metairie, LA 70002
Telephone: 504/838-0019
Fax: 504/838-0043
Emails: tony@seklaw.com
michael@seklaw.com
*Counsel for Robert B. Miller & Associates, Inc. and Endurance American Insurance Company*