UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CHUBB SEGUROS MEXICO S.A., :

      *Plaintiff,* :

  - against - :    **Civil Action No. 5:22-cv-01734**

:    **Judge: S. Maurice Hicks**

TERRAL RIVERSERVICE, INC., ROBERT B. :    **Mag. Judge: Mark L. Hornsby**
MILLER & ASSOCIATES, INC., CADDO-
BOSSIER PARISHES PORT COMMISSION, :
and COASTAL CARGO COMPANY, L.L.C.,
:
      *Defendants*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PLAINTIFF CHUBB SEGUROS MEXICO S.A.'S
MEMORANDUM IN SUPPORT OF ITS MOTION TO CONVERT ITS PENDING
MOTION TO DISMISS COUNTERCLAIM PLED BY DEFENDANT TERRAL
RIVERSERVICE, INC. [D.E. 41] INTO A MOTION FOR SUMMARY JUDGMENT**

| | |
|---|---|
| David T. Maloof, Esq., *pro hac vice* | Brooks Gelpi Haassé, L.L.C. |
| Kipp C. Leland, Esq., *pro hac vice* | Philip S. Brooks, Jr. (#21501) |
| Maloof & Browne LLC | Ronald J. Kitto (#28638) |
| 411 Theodore Fremd. Ave., Suite 190 | 909 Poydras Street, Suite 2325 |
| Rye, New York 10580 | New Orleans, LA 70112 |
| Tel: (914) 921-1200 | Tel: (504) 300-8295 |
| Fax: (914) 921-1023 | Fax: (504) 534-3170 |
| Emails: dmaloof@maloofandbrowne.com | Emails: pbrooks@brooksgelpi.com |
| kleland@maloofandbrowne.com | rkitto@brooksgelpi.com |

*Attorneys for Plaintiff Chubb Seguros Mexico S.A.*

**INTRODUCTION**

Plaintiff Chubb Seguros Mexico S.A. (hereinafter "Plaintiff" or "Chubb Mexico") by its counsel Maloof & Browne LLC and Brooks Gelpi Haasé L.L.C., brings this motion to convert Plaintiff's pending Rule 12(d) motion to dismiss the counterclaim[1] pled by Defendant Terral Riverservice, Inc. ("Terral"), (said motion filed under Docket Entry 41 and fully briefed[2]) into a motion for summary judgment under Fed. R. Civ. P. 56, because deposition testimony taken in the past six months has now made clear that there is no issue of material fact supporting Terral's Counterclaim allegation against Chubb Mexico, and thus the Counterclaim should be dismissed not only on the pleadings, but also now because of the complete absence of any supporting evidence, as a matter of law.

Plaintiff's pending motion to dismiss under Rule 12(d) already established that Terral pled no facts to support its Counterclaim against Chubb Mexico, and that otherwise there was no legal basis in the pleadings to support it. As set forth more fully in Plaintiff's Memorandum supporting its motion to dismiss, Terral's odd Counterclaim against a property insurer, Plaintiff Chubb Mexico, was premised upon a completely fictional allegation that Plaintiff's insured (and now Third-Party Defendant) Ternium USA Inc. ("Ternium"), and/or Chubb Mexico itself, was actually involved in inspecting the barge at issue, and in directing the unloading of the steel coil cargoes stowed within the barge, so as to be culpable for the instability of the barge, which caused it to roll over and sink during unloading operations at the Shreveport terminal of Defendant Caddo Bossier Parishes Port Commission (hereinafter "Caddo"). Terral additionally oddly pled, **without a shred of support**, that Caddo was somehow the agent of our

---

[1] Terrral's Counterclaim is on pages 4-6 of Terral's Amended Answer filed under Docket Entry 35 and 40 (deficient as not signed by local counsel per D.E. 55) and 57 (corrective entry).
[2] Plaintiff's motion submissions are Docket Entry 41; Terral's opposition submissions are Docket Entry 53 and Plaintiff's reply submissions are Docket Entry 61.

client, a Mexican insurer, Chubb Mexico, and thus sought to pursue the completely baseless legal conclusion, devoid of any factual support, that Chubb Mexico somehow had full liability for acts or omissions of Caddo, **a company that it has no relationship with whatsoever**.

Plaintiff's submissions supporting its motion to dismiss (D.E. 41-1) made clear that there is no legal support for the Counterclaim, that Chubb Mexico (a) had no legal duty to or had even heard of Terral, (b) that Terral's allegation that the stevedore, Defendant Caddo Bossier Parishes Port Commission ("Caddo"), was Chubb Mexico's agent (c) had no factual support in the pleadings, (d) was counter to all established maritime precedents, (e) was counter to established agency law, and (f) was the opposite to the terms of the governing stevedoring contract, and further made absolutely no common sense. Since when do property insurance companies in Mexico appoint stevedores in the United States to be their agents in respect of cargo handling, which neither they nor their insured (Ternium) were ever contracted to undertake.

In the six months since Plaintiff Chubb Mexico filed its motion to dismiss Ternium's Counterclaim, numerous depositions have been taken. The deposition testimony has been equally uniform in confirming that neither Chubb Mexico, nor its insured Ternium, had any involvement in handling the cargo or the barge, nor did they have any responsibility for causing the sinking of the barge at issue.[3]

To that end, and for purposes of brevity, Plaintiff Chubb Mexico incorporates and adopts the memorandum of law and Rule 56.1 Statement filed today by Ternium in its Motion to Dismiss (D.E. 84-1 and 84-2), which makes clear that all of the evidence in discovery establishes Chubb Mexico's insured Ternium had no fault, committed no negligence, was in fact not even

---

[3] In fact, Defendant Miller, who pled a similar baseless counterclaim against Chubb Mexico, which Chubb Mexico likewise moved to dismiss (D.E. 25, also fully briefed) has now voluntarily withdrawn that counterclaim, after discovery has found it to have no support whatsoever. (*See* D.E. 79-80).

2

allowed to have any involvement in unloading operations at Caddo's terminal, and in fact was the victim here of faults committed by the other Defendants in this action, Terral, Miller and Caddo, whose negligent acts and omissions damaged Ternium's cargo. Insofar as Chubb Mexico is Ternium's subrogated insurer, all of the same uncontested facts which Ternium establishes in its motion for summary judgment likewise apply concerning Chubb Mexico, and thus justify dismissal of the Counterclaim against Chubb Mexico on summary judgment

Plaintiff Chubb Mexico also additionally provides in this motion a brief but significant showing of additional uncontested facts derived from the depositions taken in discovery, directly concerning Chubb Mexico. Specifically, after numerous depositions have been taken, there still is literally zero evidence that Chubb Mexico had any involvement in respect of cargo operations at Caddo's terminal. Ted Knight, the person directly responsible for operation of the Caddo terminal on the day of the incident, testified under oath **that he never even heard of Chubb Mexico, that Chubb Mexico had no presence in or involvement with Caddo's discharge of the barge, and that he had no knowledge of any agency relationship between Chubb Mexico and Caddo.** (Exhibit 1, Knight Dep., p. 32:22-35:15). Likewise, the President of Defendant Miller testified at Miller's 30(b)(6) deposition that he had no knowledge that Chubb Mexico had any involvement in this incident, and never even heard of Chubb Mexico before this action was filed.[4] No evidence has been uncovered in discovery that gives any indication that Chubb Mexico, a property insurer located in Mexico City, who had literally nothing to do with this incident other than insuring the shipment that the defendants have damaged, had anything to do with the incident at issue in this action, again, other than insuring Ternium's steel coils for damage and loss.

Plaintiff thus respectfully submits that Terral's Counterclaim should therefore be

---

[4] Shortly after Mr. Miller's deposition, Miller withdrew its counterclaim against Chubb (D.E. 79-80).

3

dismissed.

## FACTS

Plaintiff again expressly adopts and incorporates herein Ternium's recently filed Statement of Uncontested Facts (D.E. 84-2) and the uncontested facts cited to by Ternium in its pending motion for summary judgment (D.E. 84 and 84-1).

Plaintiff additionally cites to the following additional uncontested facts and deposition testimony directly pertaining to Chubb Mexico:

1. Ted Knight, the Director of Operations at Caddo, was the person directly responsible for overseeing and directing the unloading of the barge at issue. (Exhibit 1, Knight Dep., p. 21:4-7).

2. Mr. Knight testified specifically that Chubb Mexico had literally no involvement whatsoever concerning this incident, when he testified as follows:

> Q. Now, before we get into this incident, I have some quick questions about Chubb Mexico. Have you ever heard of Chubb Mexico before?
>
> A. I have not, not under that name.
>
> Q. Anyone at Caddo ever mention to you anything about Chubb Mexico?
>
> A. No, sir.
>
> Q. Anyone at Caddo ever tell you that Chubb Mexico has anything to do with barge operations or unloading of steel coils at Caddo's Red River terminal?
>
> A. No, sir.
>
> Q. Have you ever heard anyone at Caddo ever say anything whatsoever about Chubb Mexico being an agent of Caddo or Caddo being an agent of Chubb Mexico or anything whatsoever about any agency relationship between Caddo and Chubb Mexico?

A. No, sir.

Q. Anyone from Chubb Mexico ever visit Caddo prior to this incident, to your knowledge?

A. Not to my knowledge or interfacing with myself.

Q. Was there a representative of Chubb Mexico present at Caddo on the day of the incident, to your knowledge?

BY THE WITNESS:
Is Chubb Mexico Ternium, or no?

BY MR. LELAND:
Q. I'm asking you about Chubb Mexico.

A. No.

Q. You don't have to think too hard about this.· It's either a yes or no.

A. No, sir.

BY MR. STAINES:
I think he can think as hard as he wants.

BY MR. LELAND:
He certainly can.

BY MR. LELAND:
Q. Was a representative of Chubb Mexico required to be present at Caddo on the day of the incident, to your knowledge?

A. No, sir.

Q. Do cargo insurers normally have someone in attendance at a barge coil discharge operation?

A. No, sir.

Q. Was that a no?

A. No, sir.· Yeah, no, sir.

Q. Do you ever meet anybody from Chubb Mexico?

>A. No, sir.
>
>Q. Do you ever go to Chubb Mexico's offices in Mexico City?
>
>A. No, sir.
>
>Q. Do you have any knowledge of Chubb Mexico having anything to do with the incident at issue, no matter how slight?
>
>A. No, sir.
>
>Q. Do you have any knowledge that Chubb Mexico ought to have done or abstained from doing anything, no matter how slight, concerning any aspect of the incident that this case is about?
>
>A. No, sir.
>
>Q. So if someone in this case were to say that this incident was Chubb Mexico's fault or Chubb Mexico is responsible for any part of it, do you have any idea what they're talking about?
>
>A. No, sir.

(Exhibit 1, Knight Dep., p. 32:22-35:15).

3. Butler Miller III, the President of Defendant Miller, and Miller's designated 30(b)(6) witness, testified that he had absolutely no knowledge that Chubb Mexico had any involvement whatsoever concerning this incident when he testified as follows:

>Q. Can you tell us anything that Chubb Seguros Mexico S.A. did which had anything to do with the incident that we're -- that this case is about?
>
>A. I cannot think of anything.
>
>Q. Okay.· Have you -- are you aware of any role that Chubb Seguros Mexico S.A. played in this incident?
>
>A. I do not know of any.
>
>Q. Okay.· Prior to this lawsuit being filed, had you any awareness that there was a company named Chubb Seguros Mexico S.A. at

       all?

       A. No.

(Exhibit 2, Miller Dep., p. 69:9-21).

4. The only evidence that ever existed which in any way indicated that even Chubb Mexico's assured Ternium ever had any innocent involvement of any kind in discharging the cargo at the Caddo facility, were two written statements by Mr. Knight, in which Mr. Knight vaguely implied that Ternium inspected the barge and instructed Caddo to commence discharge, but **Mr. Knight disowned those statements as being "mistaken" at his deposition, because he was shown Caddo's video surveillance recordings which unambiguously confirmed his stevedores started discharging the cargo well before Ternium's representative even arrived at Caddo's facility.** Mr. Knight further testified that Ternium and Chubb Mexico had absolutely no input on the decision to discharge cargo or what means or methods should be employed to discharge the cargo. (Exhibit 1, Knight Dep., p. 38:13-43:16, 114:13-115:4, 167:10-168:15, 236:6-239:15).

5. Despite Chubb Mexico's repeated requests, and the obligation to disclose evidence of its own pursuant to Rule 26(a)(1)(A)(ii), Defendant Terral has not produced or identified even one piece of evidence to support its allegation that Chubb Mexico had anything to do with this incident.

6. Despite being repeatedly requested to withdraw the Counterclaim as having no legal or factual support, Terral has failed to voluntarily do so, as Miller has done (D.E. 79-80).

## ARGUMENT

Fed R. Civ. P. 12(d) allows for a motion to dismiss on the pleadings to be converted to a motion for summary judgment under Rule 56 if matters outside of the pleadings are presented to the Court:

> (d) Result of Presenting Matters Outside the Pleadings. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Plaintiff respectfully submits that now that depositions have been taken of all the pertinent witnesses, and the deposition testimony cited in the facts section above has been taken, Plaintiff Chubb Mexico is entitled to dismissal on summary judgment. There literally is no evidence that Chubb Mexico had anything to do with this loss, other than being a property insurer who paid a claim for damage to Ternium's coils.

The applicable legal standards have already been pled to the Court in pending motions. For sake of brevity, Plaintiff refers to and incorporates herein the various arguments already presented to this Court, in motions that are pending this Court's decision, to wit:

1. Plaintiff Chubb Mexico's Memorandum of Law in Support of its Motion to Dismiss Terral's Counterclaim (D.E. 41-1)
2. Plaintiff Chubb Mexico's Reply Memorandum of Law in Support of its Motion to Dismiss Terral's Counterclaim (D.E. 61)
3. Third Party Defendant Ternium's Memorandum of Law in Support of its Motion for Summary Judgment (D.E. 84-1).

Plaintiff respectfully submits that by virtue of all of the foregoing, there is neither a shred of facts nor any valid law which supports Terral's odd Counterclaim against Chubb

Mexico.

## CONCLUSION

Terral's Counterclaim against Chubb Mexico should be dismissed.

Dated: April 19, 2023

Respectfully submitted,

MALOOF & BROWNE LLC

By: /s/ David T. Maloof
    David T. Maloof, Esq., *pro hac vice*
    Kipp C. Leland, Esq., *pro hac vice*
411 Theodore Fremd Avenue - Suite 190
Rye, New York 10580
Tel: (914) 921-1200
Fax: (914) 921-1023
E-mails: dmaloof@maloofandbrowne.com
         kleland@maloofandbrowne.com

*Attorneys for Plaintiff*

-and-

BROOKS GELPI HAASÉ, L.L.C.

By: /s/ Philip S. Brooks, Jr.
    Philip S. Brooks, Jr. (#21501)
    Ronald J. Kitto (#28638)
909 Poydras Street, Suite 2325
New Orleans, LA 70112
Tel: (504) 300-8295
Fax: (504) 534-3170
Email: pbrooks@brooksgelpi.com
       rkitto@brooksgelpi.com

*Attorneys for Plaintiff*

F:\WP-DOCS\1306.17\Pleadings\April Motion to Convert\041923 FINAL Memo Supporting Motion.doc

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 19, 2023, I served the foregoing document upon all counsel of record via ECF filing

/s/ David T. Maloof
David T. Maloof, Esq., *pro hac vice*
