UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CHUBB SEGUROS MEXICO S. A.          CIVIL ACTION NO. 22-cv-1734

VERSUS                              JUDGE S. MAURICE HICKS, JR.

TERRAL RIVERSERVICE INC ET AL.      MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

**Introduction**

Before the court is a **Motion to Intervene** filed by Endurance American Insurance Company ("Endurance"). **Doc. 82**. The case is scheduled for a second mediation on May 16, 2023, so expedited consideration of the motion was requested. A brief telephone hearing was held on May 1, 2023. The court permitted supplemental briefs to be filed by May 3, 2023 at 2:00 p.m. For the reasons that follow, the Motion to Intervene will be denied.

**Background**

This case involves multiple claims arising out of the sinking of a barge. On June 26, 2021, during the unloading of steel coils from the barge at the Port of Caddo/Bossier, the barge rolled to port and damaged the steel coils. The barge later sank. Plaintiff, Chubb Seguros Mexico S.A. ("Chubb") filed suit for the loss or damage to the coils. Robert B. Miller & Associates, Inc. ("Miller"), the alleged owner of the barge, asserted a claim for damages and salvage costs.

Miller and the putative intervenor, Endurance, are represented by the same law firm. Endurance claims that it did not learn of its claim in intervention until March 28, 2023 when, during a deposition of Mr. Butler Miller, the deponent stated that Endurance had reimbursed Miller for its barge-related expenses.

Discovery has now revealed that Miller did not own the barge.  The owner was the Westall Trust, the name of which was curiously redacted when Endurance's insurance policy was recently produced by Miller's attorneys in discovery.

Chubb and its insured, Ternium USA Inc. ("Ternium"), oppose the Motion to Intervene.  They essentially argue that the proposed intervention is grossly untimely/prescribed and will cause undue prejudice to them.  They also contend that allowing the intervention would derail the upcoming (second) mediation.  According to the briefs, Endurance's proposed claim is in excess of $640,000, more than Chubb's claim of about $525,000.

**Law and Analysis**

Interventions may be filed on "timely motion."  Fed. R. Civ. P. 24.  The Fifth Circuit employs a four-part test to determine whether a request to intervene is timely:  (1) the length of time the would-be intervenor knew or should have known of its interest in the case before it sought leave to amend; (2) the prejudice to existing parties as a result of failure to apply for intervention as soon as it knew or should have known of its interest in the case; (3) the prejudice the would-be intervenor would suffer if intervention is denied; and (4) the existence of unusual circumstances militating either for or against a

determination that the application is untimely.  Sierra Club v. Espy, 18 F.3d 1202, 1205 (5th Cir. 1994).

Endurance knew that it insured the owner of the barge on the date of the accident (June 26, 2021), and it must have known about its subrogation claim for barge-related damages as early as February 22, 2022 when it began making payments on the claim. Assuming Louisiana's tort law controls, the claim in intervention has likely prescribed. But even if it is not prescribed, it is too late in the game to intervene.  It may be true that Miller's *counsel* did not know that Endurance had made payments until a deposition in March, but certainly his client, Endurance, knew it had a subrogation claim long ago.  It is Endurance's knowledge that is relevant, and Endurance knew about its potential claim for more than a year before it sought to intervene.

The existing parties would be severely prejudiced if the intervention is allowed. The mediation is set for May 16, 2023, just a few days away.  Interjecting a new party asserting such a large claim at the last minute will almost certainly wreck the mediation and lead to more costly motion practice.  Endurance's prejudice is it will have to file a new lawsuit to assert its claim. With regard to any unusual circumstances that bear on the issue of timeliness, those circumstances are subsumed in the above discussion.

**Conclusion**

Endurance's Motion to Intervene is patently untimely.  Endurance knew long ago that it had a subrogation claim regarding damage to or loss of the barge.  Endurance did not take timely action to assert that claim in this case even though its attorneys were already representing Miller in this case.  The prejudice to existing parties is too great to permit the

intervention on the eve of the second mediation.  Accordingly, the **Motion to Intervene (Doc. 82) is denied**.

       THUS DONE AND SIGNED at Shreveport, Louisiana, this the 5th day of May, 2023.

Mark L. Hornsby
U.S. Magistrate Judge